O
JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| EDDY SHALOM, | Case No. CV 12-0086-ODW (Ex) |
| Plaintiff, | Order **GRANTING** Defendant's Motion to Dismiss [6] |
| v. | |
| CALTECH and NASA, | |
| Defendants. | |

Presently before the Court is Defendant National Aeronautics and Space Administration's ("Defendant" or "NASA") Motion to Dismiss Plaintiff Eddy Shalom's ("Plaintiff") Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6). (Dkt. No. 6.) Because Plaintiff has not filed any opposition, and for the reasons discussed in Defendant's papers, the Court **GRANTS** the motion. Further, this action is **DISMISSED** for lack of jurisdiction.

Central District of California Local Rule 7-9 requires an opposing party to file an opposition to any motion at least twenty-one (21) days prior to the date designated for hearing the motion. C. D. Cal. L. R. 7-9. Additionally, Local Rule 7-12 provides that "[t]he failure to file any required paper, or the failure to file it within the deadline,

1

may be deemed consent to the granting or denial of the motion." C. D. Cal. L. R. 7-12.

The hearing on Defendant's motion was set for February 27, 2012. Plaintiff's opposition was therefore due by February 6, 2012. As of the date of this Order, Plaintiff has not filed an opposition, nor any other filing that could be construed as a request for a continuance. Plaintiff's failure to oppose may therefore be deemed consent to the granting of Defendant's Motion. Nevertheless, the Court has carefully considered Defendant's arguments in support and, for the reasons discussed in Defendant's papers, hereby **GRANTS** the Motion to Dismiss. The February 27, 2012 hearing on this matter is **VACATED**, and no appearances are necessary.

With respect to Defendant's argument that this Court lacks jurisdiction, the Court notes that Defendant removed this action pursuant to 28 U.S.C. § 1442(a) because the case is an action against an agency of the United States—NASA. (Dkt. No. 1.) Under the doctrine of derivative jurisdiction, a federal court's jurisdiction over cases removed from state court pursuant to § 1442 is derivative of the state court's jurisdiction. *In re Elko County Grand Jury*, 109 F.3d 554, 555 (9th Cir. 1997); *see also Minnesota v. United States*, 305 U.S. 382, 389 (1939) ("Where the state court lacks jurisdiction of the subject matter or of the parties, the federal court acquires none, although in a like suit originally brought in a federal court it would have had jurisdiction."). Because this action asserts a tort claim against an agency of the United States, the action is governed by the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b). The FTCA grants exclusive jurisdiction over tort claims filed against the United States to United States District Courts. *Id.* Therefore, under the doctrine of derivative jurisdiction,

///
///
///
///
///

2

since the state court lacked subject matter jurisdiction over this action, this Court also lacks jurisdiction. Accordingly, this case is **DISMISSED**.

**IT IS SO ORDERED.**

February 15, 2012

_____
HON. OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE